IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00273-MSK-CBS

TRACY BALDO, Ph.D,

       Plaintiff,

v.

BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTHERN COLORADO,

       Defendant.

## PRE-TRIAL PREPARATION AND TRIAL SETTING ORDER
## -CIVIL

The above-captioned matter has been scheduled for a seven (7) day jury trial on the docket of the Honorable Marcia S. Krieger in the United States District Court for the District of Colorado, Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, to commence at **1:00 p.m. on July 7, 2008.** This setting is on a trailing docket in second position. To ensure that the parties are adequately prepared for trial as scheduled, this Order sets deadlines that supplement the Scheduling Order and imposes trial preparation requirements. If a party to this case is incarcerated, it is the responsibility of that party to provide a copy of this order and all other orders issued in this case to his or her case manager. For purposes of attending a scheduled hearing by telephone, the case manager should contact the Courtroom Deputy Clerk, Patti Torok-Glover at (303)335-2185 two (2) business days prior to the hearing to make the necessary arrangements.

**The deadlines are:**

1. Rule 702 motions shall be filed by **November 30, 2007.**

2. Final pretrial conference is **April 11, 2008 at 4:00 p.m.**

3. Trial is scheduled for **July 7, 2008 at 1:00 p.m.**

### A. Applicable Rules

This proceeding is subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the District of Colorado and the MSK Civ. Practice Standards. A copy of the Practice Standards is available from the Clerk's office or can be downloaded from the Court's website at http://www.co.uscourts.gov/judges/msk_ps_civil.pdf. Parties who are not represented by counsel (*pro se)* will be held responsible for knowledge of and compliance with all applicable rules and provisions of this Order. References in this Order to "counsel" applies to parties appearing *pro se*.

### B. Dispositive and Rule 702 Motions

Dispositive motions and Rule 702 motions are subject to the same filing deadline. The Magistrate Judge may extend this deadline, but shall not extend it beyond 120 days prior to the final pretrial conference.

The format for dispositive motions is set out in MSK Civ. Practice Standard V.H, found at http://www.co.uscourts.gov/judges/msk_ps_civil.pdf. The format for Rule 702 motions is found at http://www.co.uscourts.gov/judges/msk_702procedures.pdf. Failure to use the appropriate format may result in a delayed ruling on the motion. If determination of a Rule 702 motion is required for determination of a dispositive motion, please so state in the title of the Rule 702 motion.

### C. Final Pre-Trial Conference

The Final Pre-Trial Conference shall be conducted by the undersigned in Courtroom A901. **Lead counsel who will try the case and the party (or, in the case of legal entities, a representative of the entity with full authority to discuss and approve settlements) shall attend**.

The purpose of the conference is to ensure that the parties will be **fully prepared** to proceed to trial. At the hearing, the Court will review the Proposed Pre-Trial Order, determine what disputed issues will be tried, determine what facts are stipulated or in dispute, resolve some or all pending motions and set such other deadlines or hearings as required. Counsel should be prepared to address these issues and any others specified in Fed.R. Civ.P.16. Counsel shall have their calendars available.

### D. Proposed Pre-Trial Order

The purpose of the trial is to resolve disputed facts after which the law is then applied to the material facts. For this case to be ready for trial, the parties must have made final determinations as to which claims and affirmative defenses must be tried, the elements of the claims and affirmative defenses, and whether the element will be established as by stipulation or by evidence pertinent to disputed facts.

Counsel shall meet and confer sufficiently in advance of the Pre-Trial Conference to jointly develop a Proposed Pre-Trial Order conforming to the following requirements:

**1. Format**

Except as specifically modified herein, parties should use the format of Appendix G of this Court's Local Civil Rules for the Proposed Pre-Trial Order, available at the Court's website. *See* www.co.uscourts.gov/forms/fin_pre_ord_new.pdf. Such format shall be modified as follows:

Section 3: Claims and Defenses – Parties are encouraged to omit a narrative summary of the claims, defenses, facts, and legal theories. If a party includes a narrative summary, such summary shall not exceed one page in length.

Regardless of whether a narrative is included, this section **MUST** include a separate enumeration of each claim and affirmative defense to be tried. For each claim and affirmative defense, the parties shall designate:

1) which party has the burden of proof;

2) the standard of proof;

3) if governed by state law, the applicable state law; and

4) each element, separately stated. For each element, the parties should state whether it is stipulated. If not, the party with the burden of proof must state the fact(s) referring specifically to each witness and exhibit which will be presented to establish such facts.

Any claims or affirmative defenses not specifically identified and supported as required above will be deemed waived.

**Example**:   *Claim 1:  Breach of contract under Colorado law*
Plaintiff has burden of proof by a preponderance of the evidence

> **Elements:**   **(1)-(3) offer, acceptance, consideration**
>   (a) the parties stipulate that these elements are satisfied
> **(4) performance by the plaintiff**
>   (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 4)
>   (b) The widgets conformed to the specifications in the contract. (Testimony of Peter Plaintiff; Exhibit 2)
>   (c) The widgets were delivered on the date set by the contract. (Exhibit 2)
> **(5) non-performance by the defendant**
>   (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper; Exhibit 2)

    (b) Peter Plaintiff has made several written demands for payment. (Peter Plaintiff; Exhibits 3, 5, 7)
  **(6) damages**
    (a) Peter Plaintiff has been damaged in the contract amount of $10,000. (Testimony of Peter Plaintiff; Exhibit 2).

*Claim 2: Unjust Enrichment under Colorado law*
Plaintiff has burden of proof on all elements by a preponderance of the evidence

 **Elements:** **(1) Defendant has received a benefit**
    (a) On March 3, 2004, Peter Plaintiff delivered one crate of widgets to Widget Packers, Inc. pursuant to a contractual agreement. (Testimony of Peter Plaintiff; Don Defendant; Exhibits 1, 2, 4).
  **(2) the benefit is at the Plaintiff's expense**
    (a) Widget Packers, Inc. failed to remit payment on the terms set by the contract. (Testimony of Barry Bookkeeper, Exhibit 2)
  **(3) justice requires that Defendant reimburse the Plaintiff for the benefit received**
    (a) The widgets have a market value of $15,000. (Testimony of Peter Plaintiff)
    (b) Don Defendant is in breach of the contract. (Testimony of Peter Plaintiff)

*Affirmative Defense to Claim 2: Failure to mitigate under Colorado law*
Defendant has burden of proof on all elements by a preponderance of the evidence

 **Elements:** **(1) Plaintiff had a reasonable opportunity to avoid injury**
    (a) On March 5, 2004, Don Defendant left a message on Peter Plaintiff's voice mail offering to return the crate of widgets unopened. (Testimony of Don Defendant; Peter Plaintiff)
    (b) On March 8, 2004, Don Defendant wrote to Peter Plaintiff, offering to assign the contract for the purchase of widgets to WidgetCo. (Don Defendant; Warren Widget; Exhibit 6)
  **(2) Plaintiff unreasonably failed to avail itself of opportunities to avoid injury**
    (a) Peter Plaintiff did not respond to the March 5, 2004 message. (Don Defendant)
    (b) Peter Plaintiff did not respond to the March 8, 2004 letter. (Don Defendant)

Section 4: Stipulations of fact – The purpose of trial is to resolve only disputed facts. A

party who refuses to stipulate to particular facts should be prepared to identify and produce specific items of contradictory evidence, or to identify the anticipated source of such evidence and demonstrate why such evidence could not previously have been obtained.  Fed. R. Civ. P. 11(b)(4).

Section 5: Pending motions – In addition to the information required in Appendix G, parties shall also identify all motions either party anticipates making prior to trial, including the relief to be requested.

Section 6:  Witnesses – In lieu of the designations required in Appendix G, the parties shall attach a single joint list of all witnesses a party intends to call.  The form is found at: www.co.uscourts.gov/judges/msk_witness.pdf.  There should be no designation as "may call" or "will call."  Unless the parties stipulate that a certain witness shall be present, the party desiring the witness' attendance must secure it.  Include the maximum estimated length of time necessary for direct and cross-examination.  Direct examination should include redirect examination.  Witnesses who will be called in both the Plaintiff's and Defendant's case can be listed once, with the amount of time estimated for Plaintiff's direct examination, Defendant's direct examination, Plaintiff's cross-examination, and Defendant's cross-examination separately listed in the appropriate columns.

Section 7:  Exhibits – The listing of exhibits shall be on a single joint exhibit list using the form available at www.co.uscourts.gov/judges/msk_exhibit.pdf.  Exhibits shall be sequentially numbered.

The provisions of subsection (b) of Appendix G regarding the filing of objections to exhibits are waived.  All objections are reserved for trial.

**2. Submission**

Counsel shall submit the joint Proposed Pre-Trial Order to the Court via e-mail to krieger_chambers@cod.uscourts.gov, no later than 14 days before the scheduled date of the Pre-Trial Conference. The format must be in WordPerfect or Microsoft Word.[1] The e-mail subject line should contain the full case name (an abbreviated form is permitted for longer case names) and docket number. The body of the e-mail shall also contain the submitting attorney's name, address, telephone number, and e-mail address and/or fax number.

**E. Conflicts in Trial Scheduling**

Any problems in the trial setting or special needs for witness scheduling shall be addressed at the Final Pre-Trial Conference. Except as agreed by counsel, designated witnesses shall be available during the entire trial period and their unavailability will not constitute a basis for continuance of the trial. Counsel should always have a sufficient number of witnesses available to testify such that recesses or early adjournments of the trial day will not be necessary. At the time fixed for trial, all parties shall be present and ready to proceed. If any party is absent or unprepared to proceed, judgment may be entered forthwith in favor of the opposing party. If both parties are absent or unprepared, the case may be dismissed, and costs, fees or sanctions may be imposed against either or both parties and/or their counsel.

**F. Modification of Order**

This Order **may not be modified by agreement of the parties**. Upon timely, written

---

[1] Counsel should be aware that some internet service providers (particularly America OnLine) and some e-mail programs automatically compress or otherwise manipulate attachments to e-mail messages. The Court will not accept submissions received in compressed format. Counsel should contact their service providers and/or technical support for their e-mail programs to ensure that attachments are not automatically compressed or modified, or should plan to submit documents on disk rather than by e-mail.

application, however, any party may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.  Extensions of time and continuances will <u>not</u> normally be granted for "press of other business" or for circumstances that could reasonably have been anticipated by counsel.

**Failure to comply with the provisions of this Order or the applicable procedural rules may result in imposition of sanctions including, but not limited to, vacation of the trial, barring the presentation of evidence, dismissal of claims or defenses, entry of default or awards of fees and costs in accordance with FED.R.CIV.P. 16 and 37**.

Dated this 16th day of April, 2007

                **BY THE COURT:**

                */s/ Marcia S. Krieger*

                Marcia S. Krieger
                United States District Judge